ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞396—FINAL ACCOUNT OF ASSIGNEE—REFERENCE—DUTY OF COURT.

    Under Laws 1914, c. 360, § 15, subd. 11, empowering the court to take and state an account on hearing of the final account of an assignee for the benefit of creditors, or to refer it, taken together with Special Term rule 6, subd. 23, providing for the reference of the assignee's account in all cases, and Special Term rule 6, subd. 29, requiring that the referee's report show all the necessary jurisdictional facts, the judge at Special Term cannot himself take and state the account, since such rules are binding upon him, irrespective of his view as to their wisdom or necessity.

    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1165–1174; Dec. Dig. ☞396.]

Final accounting by Frank X. McMahon, assignee of Jacob Grossman, for the benefit of his creditors. On motion by the assignee that the court take and state the account without a reference. Reference ordered.

Saul S. Myers, of New York City, for assignee.

GIEGERICH, J. This matter is now brought before the court on the return of the notice of filing of and hearing on the final account of an assignee for the benefit of creditors, which is prescribed by section 12 of the Debtor and Creditor Law. The attorney for the assignee asks that the court dispense with a reference and take and state the account, but I do not think I have the power to do so, or ought to do so, if I had the power. Subdivision 11 of section 15 of the Debtor and Creditor Law (chapter 360 of the Laws of 1914), which enumerates some of the powers of the court with respect to the administration of assigned estates, is a re-enactment verbatim of subdivision 3 of section 20 of the General Assignment Act (chapter 466 of the Laws of 1877), supplementary to which the rules of this court relating to the settlement of such estates were formulated. It provides that "the court shall have power * * * to take and state such account or to appoint a referee to take and state it," which referee shall have the power "to examine the parties and witnesses on oaths in relation to the assignment and accounting and all matters connected therewith, and to compel their attendance for that purpose and their answers to questions, and the production of books and papers," set forth in subdivision 9 of that section of the statute.

Subdivision 23 of Special Term rule 6 prescribes, however, that "the assignee must file an account in all cases which shall be referred for examination," and subdivision 29 of the same rule that "the report of the referee shall show all the jurisdictional facts necessary to confer power on the court, such as the proper executing and acknowledging of the assignment, the recording of the same, the filing of the schedules and bond, the advertising for creditors, the issuing of the citation, the presenting of the account, and where any items may be disallowed in the account of the assignee the same shall be fully set out in the report." The plain purpose of this requirement is that in each case a chosen officer of the court shall examine into and report upon both the accuracy and propriety of all matters included in the accounting, and also all the jurisdictional facts above set forth. This course insures the careful performance of the laborious, but necessary, task of examining into the many details involved in the administration of such trusts, and still leaves the time of the court free for more important duties. Because of the mandatory provisions of this rule Mr. Justice Erlanger held in Re Auerbach, 155 N. Y. Supp. 864, that the court is without power to dispense with a reference in such a case, and in Matter of Westminster Abbey (Davidson, Assignee) 156 N. Y. Supp. ——, Mr. Justice Philbin on October 29th last, on his own initiative, resettled his previous decree taking and stating the account and directing distribution, and ordered instead the appointment of a referee for that purpose.

Another reason for the appointment of a referee in these proceedings arises from the express requirements of Special Term rule 3 that notice to creditors to present to a referee claims against the assigned estate shall be mailed to all creditors whose names appear upon the books of the assignor, thus affording to creditors the opportunity, ad-

ditional to those furnished by the statute, of presenting claims against and sharing in the distribution of assigned estates.

The reasons urged in this case, and apparently often urged in other cases, for dispensing with the appointment of a referee are two, viz.: First, that because of the small balance in the hands of the assignee and the desire for prompt settlement of the estate the expense of such reference should be avoided; and, secondly, that failure of any of the interested parties to appear on the return of the notice of filing and hearing, which has succeeded the citation, indicates that they are all satisfied with the account and with the administration of the trust estate. The small amount shown in the hands of an assignee may not indicate, however, that the matter is of small pecuniary importance, because valuable assets may not have been properly realized upon or large expenditures may have been improperly made. In other words, the small balance may mean the bad handling of a large estate. If, on the other hand, the assets were small and the administration simple and well done, then the duties of the referee will be slight and the charge against the fund small.

The argument that the failure of any creditors to appear upon the return day and make objections indicates a general satisfaction with the assignee's administration loses sight of the fact that the whole theory of our practice, as shown above, contemplates a reference in such cases, and that subdivision 27 of Special Term rule 6 provides that "objections to the account may be presented to the referee in writing or be brought out on a cross-examination" (of the assignee). The wisdom of that provision is manifest, because in the majority of cases a creditor would not know or have any practicable means of ascertaining whether or not any just grounds existed for objecting to the acts or omissions of the assignee until the facts could be learned on cross-examination. Creditors have a right to rely upon such opportunity being presented in due course under the practice provided by the rules, and therefore a failure to appear and object upon the return of the citation has no significance. In some instances within my knowledge, where the court has attempted to dispense with a reference, creditors who had been awaiting such opportunity have subsequently made complaint to the court and the matter has been reopened and sent to a reference. I am satisfied that the rules requiring a reference in such cases are salutary, and are based upon the wisdom born of the long experience of the courts in supervising such administrations. This is emphatically illustrated by the troubles that have so quickly arisen in the few cases within my knowledge where the courts have inadvertently failed to observe these rules.

Much of the above discussion is unnecessary, in one sense, because the rules referred to are, of course, binding upon a judge at Special Term, quite irrespective of his view as to their wisdom or necessity. Such discussion may be of value, however, in satisfying attorneys and saving the judges at Special Term from such frequent solicitations to dispense with references in such cases.

Order of reference signed.